IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | CIVIL ACTION NO. MDL 875 |
| LIABILITY LITIGATION (No. VI) | : | |
| _____X | | |
| This Document Relates To: | : | MISC. ACTION No. 09-MC-103 |
| | : | (Oil Rig Cases) |
| (See Exhibit A - attached case list) | : | |
| _____X | | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                July    8,    2009

Presently before the Court is Plaintiffs' "Motion to Quash Subpoenas or, Alternatively, for Protective Order" ("Motion") (Doc. 12), and Defendant Union Carbide Corporation's response thereto, (Doc. 46). Plaintiff's Motion concerns two subpoenas duces tecum issued by the Clerk of the Court for the Eastern District of Pennsylvania in connection with MDL-875, one of which was served upon Dr. Richard Tannen, M.D., on June 3, 2009, and the other upon Community Portable X-Ray, Inc., on June 12, 2009. *See* 09-MC-103, Doc. 12, Ex. 1, 2. Plaintiffs assert that the Court should quash or modify both subpoenas. For the following reasons, we will **GRANT in part** and **DENY in part** Plaintiffs' Motions for the reasons set out in this memorandum opinion and the order to follow.

Dr. Tannen is a board-certified pulmonologist who resides in Dallas, Texas. He provided a diagnosis of asbestosis for 17 of the 25 Plaintiffs that remain in these oil rig cases.[1] The subpoena

---

[1] Our review of Plaintiffs' Administrative Order 12 submissions reflect that Dr. Tannen provided a diagnosis of asbestosis for Joseph Crawford, Willie Lee Daniels, James Dearman, George D. Dixon, Louie T. Emler, Jonny W. Faust, Daniel Livingston, Archie A. Lord Sr., Ralph T. McPhail, Joseph Newsom, Lonnie Newsom, Ted L. Piner, Brandon Kaye Polk, Dale Polk,

(continued...)

served upon him called for the production of a vast quantity of materials, including "[a]ll files, included but not limited to patient files, relating to the testing, screening or diagnosing of any person;" "[a]ll invoices prepared by you or on your behalf for services rendered in performing x-ray test, B reads, physical examinations, pulmonary function tests or screening, or any testing or screening . . . for any client or person;" "[a]ny and all documents, included but not limited to patient agreements, patient waivers, notices, letters, correspondence, business records, and/or communications, relating to testing, screening or diagnosing of persons[;]" "[c]opies of any and all guidelines, guidebooks, textbooks, study guide books, training manuals, equipment manuals, continuing education materials . . . referred to in conjunction with your x-ray testings, physical examinations, pulmonary function testings or screening of any person[.]" (09-MC-103, Doc. 12, Ex. 1 ¶¶ 2, 3, 7, 13.) It is essentially the same subpoena that was served upon Dr. Jay Segarra, another diagnosing doctor in these cases,[2] and which was subject of Judge Robreno's February 24, 2009 decision in *In re: Asbestos Prods. Liab. Litig. (No. VI)*, and our June 25, 2009 Order and June 26, 2009 memorandum opinion. (09-MC-103, Docs. 2, 6); *see also* 09-MC-103, Doc. 78 (reflecting Judge Robreno's consideration of our decision in response to Motley Rice's motion to intervene and object).

In their Motion, Plaintiffs rely principally upon Judge Robreno's February 24, 2009 decision,

---

[1](...continued)
Ray C. Rawls, Cleophus Smith (deceased), and Terry Wallace.

[2] The subpoenas are identical, except for the addition of two requests in the Segarra subpoena (Paragraphs 26 and 27), which related to certain statistical data he submitted to Congress. *Compare* 09-MC-103, Doc. 12, Ex. 1 (reflecting that Tannen subpoena has 25 paragraphs in "Materials to be Produced" section) *with* 09-MC-103, Doc. 49, Ex 1 (reflecting that Segarra subpoena includes 27 paragraphs in "Material to be Produced" section)

which directed Dr. Segarra to produce only those documents and materials related to the diagnosing reports or opinions that he provided for Plaintiff's with claims currently pending in MDL 875. *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 158 (E.D. Pa. Feb. 24, 2009). Forman Perry, however, asserts that we should order Dr. Tannen to produce all of his litigation and screening materials, with certain limitations, as we required of Dr. Segarra in our consideration of Defendants' renewed motion to compel his production of documents in his capacity as a diagnosing expert in these specific cases.[3]

Our determination with respect to Dr. Segarra, however, was based upon Defendant's substantial briefing, which we concluded "raised serious questions about [his] practices and methodology which, if proven, could have an impact upon his qualification as an expert in these cases." *Memorandum Opinion*, 09-MC-103, Doc. 6 at 4-5.) More specifically, and upon consideration of the information provided by the Defendant, we concluded that the alleged number of patients screened and the rates of positive diagnoses were factors which could properly be considered in an evaluation of Dr. Segarra's opinions and which justified broader discovery pursuant to Federal Rule of Civil Procedure 26(b).[4]

---

[3] On May 29, 2009, Judge Robreno denied the Defendants' motion for reconsideration of his February 2009 decision as moot. (Order Den. Def.'s Mot. for Recons., May 29, 2009, 01-md-875, Doc. 6275). Then, at Judge Robreno's direction, Foreman Perry filed a "Renewed Combined Motion and Brief to Compel Dr. Jay T. Segarra's Production of Documents and Response to Subpoena," which specifically pertained to Dr. Segarra role within the pending oil rig cases. (09-CV-63215, Doc. 9.) The motion was referred to this Magistrate Judge. (09-63215, Doc. 6.)

[4] For instance, Defendant was able to point to documents and deposition testimony that reflected that Dr. Segarra diagnosed over 40,000 plaintiffs with pneumoconiosis and "has rendered positive diagnoses for more than 20 people per day on no less than 199 occasions throughout his screening career; and, he has diagnosed more than 50 people per day on at least

(continued...)

3

Defendant have made no such showing with respect to Dr. Tannen. We conclude that the subpoena served upon him is unreasonable, overbroad, and overly burdensome to the extent that "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C)(1). While we accept that "qualifications and methodology affect the reliability used to support Plaintiffs' claims of asbestos-related injuries" as a general matter, we are unable to conclude, without more, that this proposition entitles Defendants "to disclosure of identities and discovery of information relating to *any* individual, screening physician, screening personnel and screening company that participated in any manner in generating information relating to Plaintiffs' alleged diagnoses." (*Union Carbides Response to Plaintiffs' Motion to Quash*, 09-MC-103, Doc. 46 at 4) (emphasis in original.) The fact that 246 of the original oil rig Plaintiffs relied upon Dr. Tannen's opinion or that "in 210 of the 246 cases, Tannen read the same X-ray initially read by Dr. Ballard when he issued his 'diagnosis' reports[,]" *id.* at 2, simply does not establish good cause to justify broad-based discovery of all of his litigation and screening records.

We are likewise unable to conclude that Defendant is entitled to all of the records and materials requested in the subpoena served upon Community Portable X-Ray, Inc. ("Community"). Community is a licensed provider of portable X-ray services. In opposition to Plaintiffs' Motion, Defendant asserts that "[u]pon information and belief, the X-rays for [the Plaintiffs in this case] .

---

[4](...continued)
14 occasions." (*Certain Defendants Additional Briefing Regarding the Consulting Expert Privilege and the Exceptional Circumstances Presented by the Litigation Work*, 01-MD-875, Doc. 5954 at 12-14.) In addition, we accepted Defendant's assertion that Dr. Segarra submission to the Court of his own internal audit of diagnoses rendered in 2003 and 2005 justified a more extensive evaluation of his litigation screening process and methodology. *See Def's Mot. for Recons.*, March 12, 2009, 01-MD-875, Doc. 5886 at 15; *Memorandum Opinion* 09-MC-103, Doc. 6 at 5.

. . were taken by Community Portable X-rays, Inc." (*Def.'s Resp. to Pl.'s Motion to Quash*, 09-MC-103, Doc. 46 at 4.)  The subpoena Defendant served upon Community seeks, among other materials, "any and documents which contain information, generally or specifically, relating to screening, testing or diagnoses of any person," (09-MC-103, Doc. 12, Ex. 2 ¶ 4); *see id.* ¶ 1, any and all "patient-type documents," (*id.* ¶ 12), all "invoices prepared by you or on your behalf . . . in generating reports or diagnoses for any client or person" (*id.* ¶ 5), and any and all "documents and related files that establish, relate or pertain to any medical doctor or practitioner prescribing the x-ray tests and the pulmonary function tests performed on any person or client[,]" (*id.* ¶ 30).  It has no temporal limitation and is in no way tailored to X-ray services provided for the Plaintiffs in this case. Without more, we consider the subpoena to be overbroad and overly burdensome and conclude that the burden and expense of production outweighs its likely benefit.  FED. R. CIV. PRO. 26(b)(2)(C)(1).

We also conclude, however, that any document or material requested in either subpoena developed in connection with a diagnosing report and/or opinion regarding the remaining Plaintiffs in this case are subject to production.  Indeed, the materials requested in certain paragraphs of the "Materials to be Produced" sections of these subpoenas seek information that is relevant to this litigation.  As such, we will require production of these materials as set out in our orders to follow.


BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

# ATTACHED LIST OF CASES

| Last Name | First Name | Mississippi State Dist Court Number | EDPA Docket No. |
|---|---|---|---|
| Brady | Clinton L. | 2006-407-CV11 | 5:08-cv-87071 |
| Broom | Harvey E. | 2006-519-CV11 | 5:08-cv-87069 |
| Bullock | Deloice | 2006-520-CV11 | 5:08-cv-87072 |
| Crawford | Joseph | 2006-394-CV11 | 5:08-cv-87080 |
| Curd | Patrick | 2006-525-CV11 | 5:08-cv-87083 |
| Daniels | Willie Lee | 2006-409-CV11 | 5:08-cv-87068 |
| Daughdrill | Dan Mack | 2006-526-CV11 | 5:08-cv-87081 |
| Dearman | Rolland | 2006-410-CV11 | 5:08-cv-87070 |
| Dixon | George D. | 2006-374-CV11 | 5:08-cv-87077 |
| Emler | Louie T. | 2006-464-CV11 | 5:08-cv-87084 |
| Faust | Johnny W. | 2006-90-CV3 | 5:08-cv-85894 |
| Herring (dec'd) | Henry A. | 2006-468-CV11 | 5:08-cv-87079 |
| Livingston | Daniel | 2006-94-CV3 | 5:08-cv-85987 |
| Lord, Sr. | Archie A. | 16-0056 | 5:08-cv-87030 |
| McPhail | Ralph T. | 2006-345-CV9 | 5:08-cv-87048 |
| Mounteer, Sr. | Eliel K. | 2006-555-V11 | 5:08-cv-87073 |
| Newsom | Joseph | 16-0018 | 5:08-cv-87076 |
| Newsom | Lonnie | 2006-414-CV11 | 5:08-cv-87031 |
| Piner | Ted L. | 2006-415-CV11 | 5:08-cv-87078 |
| Polk | Brandon Kaye | 2006-206-CV3 | 5:08-cv-85986 |
| Polk | Dale F. | 2006-85-CV3 | 5:08-cv-85985 |
| Rawls | Ray C. | 2006-417-CV11 | 5:08-cv-87075 |
| Smith (dec'd) | Cleophus | 2006-75 | 5:08-cv-87032 |
| Thomas | Tony N. | 2006-573-CV11 | 5:08-cv-87082 |
| Wallace | Terry | 2006-491-CV11 | 5:08-cv-87074 |